**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| Michelle K. Barany-Snyder | ) | CASE NO. 1:06-cv-2111 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Keith D. Weiner, | ) | |
| Keith Weiner & Assoc. Co. LPA, and | ) | |
| Scott W. Paris | ) | Memorandum Opinion and Order |
| | ) | |
| Defendants. | ) | |


### INTRODUCTION

Defendants Keith D. Wiener, Keith D. Weiner & Assoc. Co., LPA, and Scott W. Paris have filed a Motion for Judgment on the Pleadings (Doc. 20).  Plaintiff Michelle K. Barany-Snyder alleges that Defendants engaged in improper debt collection practices and seeks to represent a class of similarly situated individuals.   For the following reasons, Defendants' motion is GRANTED.

### BACKGROUND

Plaintiff's Complaint alleges that Defendants are lawyers and a law firm who filed a lawsuit on behalf of their client Baldwin Wallace College.  The suit was filed against Plaintiff in Berea Municipal Court, Cuyahoga County, Case No. 03CVF01607, regarding a debt owed by

1

Plaintiff to Baldwin Wallace.  The whole of the Berea Complaint reads as follows:

> 1. This cause of action arose within the City of Berea, County of Cuyahoga, State of Ohio.

> 2. [Barany] is indebted to [Baldwin Wallace College] pursuant to the terms of a Revolving Credit Agreement.  A copy of which is labeled as Exhibit A and attached herein.

> 3.  The balance due pursuant to said agreement is $8,146.53.  An accounting ledger establishing the balance due is labeled as Exhibit B and attached herein.

> 4.  Demands have been made upon [Barany] to liquidate the balance due and owing but the Defendant has failed to do so.

> WHEREFORE, Plaintiff demands that judgment be rendered against the Defendant in the sum of $8,146.53, with interest at the rate of 16% per annum from 95.00 and costs.

Exhibit A to the Berea Complaint is a Revolving Credit Agreement.  A copy is attached to Plaintiff's Complaint.  The two-page agreement is typed in a small font, and states approximately 3/4 down on the second page as follows:

> I/We understand that upon default of any, or all of the terms and conditions of this credit agreement and upon proper service of a <u>NOTICE OF DEFAULT</u> by the College, all signers immediately become, at the option of the college, liable for attorney fees and/or actual or reasonable collection costs which may be added to the total amount due.

(Emphasis in original).  Defendants eventually obtained for their client a default judgment against plaintiff for "the sum of $8,146.53, plus interest at the rate of 16% from 10/4/02 and costs of this action."

While the Berea lawsuit was pending, Plaintiff filed a Chapter 7 bankruptcy petition in the Northern District of Ohio.  This resulted in a stay of the Berea lawsuit.  On May 22, 2006, Defendants filed a Motion to Lift the Stay in the Berea lawsuit.  During briefing Defendants attached the Revolving Credit Agreement to a reply brief.  The context for the attachment of the

Revolving Credit Agreement, which was again identified as Exhibit A, was to demonstrate that "Baldwin Wallace College is alleging that it extended Judgment Debtor credit for her tuition and subsequently invoiced" such that the Agreement should be treated like a student loan for purposes of discharge in bankruptcy.

Plaintiff then filed this class action Complaint. She contends that "Ohio law prohibits creditors from recovering attorney fees in connection with the collection of a debt." She claims that "The conduct described above violated the [Fair Debt Collection Practices Act] as follows:"

    a.    It falsely represented the character, amount of legal status of Plaintiff's debt in violation of 15 U.S.C. § 1692e(2)(A);

    b.    It falsely represented the services rendered or compensation which may be lawfully received in connection with the collection of the debt in violation of 15 U.S.C. § 1692e(2)(B);

    c.    It threatened to take action against Plaintiff that cannot be legally taken in violation of 15 U.S.C. § 1692e(5);

    d.    It attempted to collect an amount in excess of what Plaintiff lawfully owed in violation of 15 U.S.C. § 1692f(1); and

    e.    It generally utilized false and deceptive means to collect or to attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

Plaintiff's second cause of action alleges that "Defendants' conduct in filing collection suits in the manner set forth above constituted an unfair, deceptive and/or unconscionable consumer sales practice in violation of Ohio Rev. Code §§ 1405.02 and .03." Plaintiff "seeks to represent a class consisting of all consumers with respect to whom any Defendant, on or after a date which is one year before the filing of this action, filed a document in an Ohio court on behalf of a creditor which document referred to the creditor's right to collect attorney fees."

Defendants filed an answer to which they attached the pleadings from the Berea lawsuit

3

and the bankruptcy action.  They then filed the motion for judgment on the pleadings that is at issue here.

### STANDARD OF REVIEW

The standard of review for a motion for judgment on the pleadings is the same as for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *EEOC v. J. H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).  When considering such a motion, a court primarily rests upon the allegations of the complaint, "although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account."  *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).  The allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff.  *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999).  However, "a court is not required to accept as true unwarranted legal conclusions and/or factual allegations."  *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 327 (6th Cir. 2006).  In the context of factual allegations, courts distinguish between "reasonable" factual inferences that must be accepted and "unwarranted" factual inferences that need not be accepted.  *Id*. at 328.

A claim is not to be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *see also Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir. 1989).  Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley*, 355 U.S. at 47.  However, the complaint must set forth "more than the bare assertion of legal conclusions."  *Allard v. Weitzman* (*In Re DeLorean Motor*

4

*Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993).  "In practice, a . . . complaint must contain either

direct or inferential allegations respecting all the material elements to sustain a recovery under

*some* viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th

Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)).

Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to

obtain relief.  *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

### **DISCUSSION**

Defendants make a number of arguments that they are entitled to judgment on the

pleadings. The Court will address each of these arguments in turn.

Standing & Jurisdiction

Defendants first argue that Plaintiff lacks standing to bring this action because her civil

causes of action became the property of the bankruptcy estate.  However, the pleadings from the

bankruptcy estate reveal that the Trustee has abandoned any claim to this action.[1]  Accordingly,

Plaintiff has standing to bring this action.  *See Ulmer v. Dana Corp.*, No. 02-3670, 115 Fed.

Appx. 787 (6th Cir. Oct. 12, 2004); *Kloian v. Kelley*, No. 02-1843, 115 Fed. Appx. 768 (6th Cir.

Sept. 10, 2004); *Bovee v. Coopers & Lybrand*, 216 F.R.D. 596, 612 (S.D. Ohio 2003); 11 U.S.C.

§ 554.  Defendants' conclusory argument that Plaintiff lacks jurisdiction relies exclusively on the

proposition that Plaintiff lacks standing.  Accordingly, that argument is also rejected.

Judicial Estoppel

---

[1]    Defendants claim that Plaintiff nonetheless lacks standing because
the trustee abandoned the claim after this suit was filed.  They cite
no authority for this proposition other than a Ninth Circuit case
where the trustee did not actually abandon the claim.  *See Turner
v. Cook*, 362 F.3d 1219, 1226 (9th Cir. 2004).

5

Defendants claim that Plaintiff is subject to judicial estoppel because she failed to disclose the existence of her claims against Defendants when she filed for bankruptcy.  "Judicial estoppel forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by that same party in an earlier proceeding." *Pennycuff v. Fentress Cty. Bd. of Ed.*, 404 F.3d 447, 452 (6th Cir. 2005) (citation omitted).  The following three factor test determines whether judicial estoppel applies to a particular case: 1) "a party's later position must be 'clearly inconsistent' with its earlier position"; 2) courts "may consider whether the party had successfully persuaded a court to accept his previous position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that the first or the second court was misled"; and 3) courts "may consider whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* (internal citations and quotations omitted).

The Sixth Circuit has analyzed judicial estoppel in the context of the failure to assert a claim in bankruptcy proceedings.  The Sixth Circuit found "two circumstances under which a debtor's failure to disclose a cause of action in a bankruptcy proceeding might be deemed inadvertent" and therefore not subject to judicial estoppel. *Browning v. Levy*, 283 F.3d 761, 776 (6th Cir. 2002).  "One is where the debtor lacks knowledge of the factual basis of the undisclosed claims, and the other is where the debtor has no motive for concealment." *Id.*  The former circumstance applies here.  Once Plaintiff did become aware of her claims she pursued them in a prompt manner.

Res Judicata

Defendants next argue that the Ohio collection proceedings are res judicata as to this

6

action.  The full faith and credit statute, 28 U.S.C. § 1738, requires federal courts to give state court judgments the same effect as they have in the state in which they were rendered.  *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1987).  Thus, the res judicata effect of an Ohio state court proceeding is decided under Ohio preclusion law.  *Id.*  Under the doctrine of res judicata, a valid, final judgment on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.  *State ex rel. Mora v. Wilkinson*, 824 N.E.2d 1000, 1003 (Ohio 2005).  With respect to res judicata, the Defendants' argument is as follows:

> Plaintiff's claims are barred since they could have been raised in the State Court proceeding.  State and federal courts have concurrent jurisdiction over FDCPA claims.  See *Byrd v. Homecomings Financial Network*, 407 F. Supp. 2d 937, 943 (N.D. Ill 2005).

Plaintiff's response is two-fold.  First, she argues that Defendants, as attorneys to the earlier proceedings, are not "parties" entitled to invoke res judicata against Plaintiff.  Plaintiff cites no authority for this argument beyond the general proposition that res judicata is limited to a party or its privies.  All authority the Court has found holds that attorneys are treated as parties or privies for res judicata purposes.  *See Plotner v. AT&T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000) (holding that privity for res judicata purposes extends to a party's attorneys); *Zahran v. Frankenmuth Mut. Ins. Co.*, No. 95-2588, 96-2270, 1997 U.S. App. LEXIS 8879, *9 (7th Cir. Apr. 22, 1997) (holding that "for res judicata purposes, a company's . . . attorneys . . . are privies of the company that was a party in the prior suit"); *cf. Federated Mgmt. Co. v. Latham & Watkins*, 742 N.E.2d 684, 689 (Ohio App. 2000) (noting that "appellees, as both creditors and attorneys for MAW, were parties to the proceedings").

Second, Plaintiff argues that the claim did not arise out of the transaction or occurrence

7

that was the subject matter of the previous action. The term transaction has the broad meaning of a "common nucleus of operative facts." *Davis v. Wal-Mart Stores*, 756 N.E.2d 657, 658 (Ohio 2001). Courts in other jurisdictions have addressed whether FDCPA claims are barred by a state court collection action. As one would expect, the courts' decisions were dependent upon the extent to which the facts relevant to the FDCPA claims were addressed in the state court proceedings. *Compare Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 945 (N.D. Ill. 2005) (finding that the "the transaction has always been the same: a state court action to foreclose on Byrd's mortgage"), *and Oppong v. First Union Mortgage Corp.*, 407 F. Supp. 2d 658, 669 (E.D. Pa. 2005) (precluding a claim on the "issue of notice under the FDCPA" where the inadequate notice was raised in the other proceedings), *with Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1997) (explaining that "debt attachment and debt collection are matters separated by time and purpose"), *and Cousins v. Duane Street Assocs.*, 7 Fed. Appx. 85, 88 (2d Cir. April 2, 2001) (finding an FDCPA claim based on the filing of a state action not barred under res judicata).

Here, the Plaintiff's claims are based solely on the fact that attorneys' fees are mentioned in a contract that Defendants attached to the state court complaint and a reply brief. As the Court will discuss in more detail *infra*, Defendants never attempted to collect attorneys' fees in the state court action and it is clear from the state court record that attorneys' fees were not at issue there. Based on Plaintiff's narrow claims in this action, the Court finds that the two actions do not involve a common nucleus of operative facts and thus res judicata is not applicable.

<u>The FDCPA Claim</u>

Defendants next argue that Plaintiff has failed to state a claim under the FDCPA.

Congress passed the FDCPA with the express purpose "to eliminate abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged . . . ."  15 U.S.C. § 1692(e).  Plaintiff claims that Defendants used "false, deceptive or misleading representation or means in connection with the collection of any debt" by engaging in the following conduct:

- "The false representation of . . . the character, amount or legal status of any debt." 15 U.S.C. §1692e(2)(A).

- "The false representation of . . . any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."  15 U.S.C. §1692e(2)(A).

- "The threat to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. §1692e(5).

- "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

Plaintiff also alleges that Defendants used "unfair or unconscionable means to collect or attempt to collect any debt" through "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) [where] such amount is [not] expressly authorized by the agreement creating the debt or permitted by law."

Plaintiff's FDCPA claims are based on the attachment of the Agreement to the Berea Complaint and to a reply brief filed in the Berea action.  As the Court noted above, the Agreement contains a provision that "all signers immediately become, at the option of the college, liable for attorney fees and/or actual or reasonable collection costs which may be added to the total amount due."  However, Ohio law prohibits debt collectors from recovering attorneys' fees in connection with debt collection suits involving personal, family or household

9

debt.  R.C. § 1301.21; *Gionis v. Javitch, Block & Rathbone*, 405 F. Supp. 2d 856, 862 (S.D. Ohio 2005).  The parties do not dispute that the debt at issue in the Berea action was a personal, family or household debt.  The issue for FDCPA purposes is whether attachment of a contract that addresses attorneys' fees in such a suit violates Ohio law and the FDCPA.

Whether a debt collector has violated the FDCPA is viewed through the eyes of the "least sophisticated consumer."[2]  *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006) (citing *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1029 (6th Cir. 1992)).  The least sophisticated consumer test is an objective test.[3]  *Harvey*, 453 F.3d at 331; *Kelly v. Great Seneca Fin. Corp.*, 443 F. Supp. 2d 954, 957 (S.D. Ohio 2005).  The standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor."  *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999); *Gradisher v. Check Enforcement Unit, Inc.*, 210 F. Supp. 2d 907, 912 (W.D. Mich. 2002).  Nonetheless, the objective aspect of the

---

[2]     Defendants argue that the Court should not apply the least sophisticated consumer standard.  However, the Sixth Circuit has clearly adopted that standard and Defendants' request to apply Seventh Circuit law must be rejected.  Defendants also argue (particularly with respect to the reply brief which was served on Plaintiff's counsel) that the least sophisticated consumer standard should not apply where the debtor has counsel.  Defendants' only authority involved an allegation that the *attorney* was misled.  *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002).  That court declined to decide the issue because it lacked jurisdiction.  *Id*.

[3]     The issue of FDCPA liability is often amenable to treatment as a matter of law.  *See Savage v. Hatcher*, No. 03-3437, 109 Fed. Appx. 759, 762 (6th Cir. Sept. 7, 2004) ("It is well-settled that courts may properly make the objective determination whether language effectively conveys a notice of rights to the least sophisticated debtor.").

10

test protects a debt collector from "bizarre or idiosyncratic interpretations of debt collection notices."  *Clomon v. Jackson*, 988 F.2d 1314, 1319-20 (2d Cir. 1993); *see also Gionis*, 405 F. Supp. 2d at 864; *Kafele v. Lerner, Sampson & Rothus, L.P.A.*, No. 2:02-cv-0743, 2005 U.S. Dist. LEXIS 11127, *7 (S.D. Ohio June 9, 2005); *Lewis v. Marlin*, No. C-2-97-1281, 1999 U.S. Dist. LEXIS 22135, *14 (S.D. Ohio March 11, 1999).  The test "presumes that a consumer possesses 'a rudimentary amount of information about the world and is willing to read a collection notice with some care.'"  *Gionis*, 405 F. Supp. At 864 (quoting *Clomon,* 988 F.2d at 1319).

This case shares a number of similarities with a case recently decided in the Southern District of Ohio.  In *Gionis v. Javitch, Block & Rathbone*, the Defendant law firm filed a lawsuit on behalf of its client in the County Court of Belmont County, Ohio.  405 F. Supp. 2d at 859. The complaint alleged that Plaintiff owed the client $2,040.98 and the prayer for relief sought "$2,040.98 with interest at the rate of 10.00% per annum from date of judgment, and costs of the within action."  Attached to the complaint was an affidavit signed by a client representative and stating, in relevant part, that the underlying credit agreement "specifically provides that DIRECT MERCHANTS CREDIT CARD BANK is entitled to recover, to the extent permitted by applicable law, its reasonable attorney's fees and costs incurred in any action to enforce its rights under the agreement."  The actual agreement stated that "You will pay our court costs, reasonable attorney fees and other collection costs related to the default to the extent permitted by applicable law."  The Belmont lawsuit was eventually settled.  *Id.*

The *Gionis* plaintiff was the debtor in the Belmont County action.  She brought a class action lawsuit against the law firm from the Belmont County action alleging violations of the FDCPA and OCSPA.  She conceded that the law firm "did not seek, or recover, attorney fees in

11

connection with the Belmont County suit." *Id.* at 859-60.  However, because Ohio law prohibits the recovery of attorneys' fees in connection with a claim involving a consumer debt, and the law firm attached to the complaint an affidavit that discussed attorneys' fees, Plaintiff alleged that the law firm had engaged in deceptive, unfair and unconscionable debt collection activities. *Id.* at 860.  Plaintiff brought claims under the same sections of the FDCPA at issue here—15 U.S.C. §§ 1692e(2)(A), (2)(B), (5), (10), and 15 U.S.C. § 1692(f)(1).  *Id.* at 862-63.

The *Gionis* Court discussed the 15 U.S.C. §§ 1692(2)(A) and (2)(B) claims together.  The *Gionis* Court noted that the complaint was limited to the exact amount owed plus interest and costs.  *Id.* at 865.  Although the *Gionis* plaintiff agreed that she would pay "attorneys fees . . . to the extent permitted by applicable law[,]" the affidavit that discussed this obligation did not "assert[] an absolute entitlement to attorney fees, or contain[] any false statement about the amount owed . . . ."  The *Gionis* Court therefore held for the defendant as a matter of law on the 15 U.S.C. §§ 1692(e)(2)(A) and (2)(B) claims.  *Id.*

The *Gionis* holding on these issues is correct and directly applicable to this case. Plaintiff's Complaint, and thus any alleged false representation, is limited to the subject matter of attorneys' fees.  The Berea Complaint at issue here stated the amount due, included a detailed accounting ledger, and limited the prayer for relief to the amount due, interest and costs.  The public record of the proceedings further demonstrates that Defendants never mentioned, let alone attempted to collect, any attorneys fees.  The only document that mentioned attorneys' fees was the underlying Agreement attached to the complaint and a reply brief.  That document states that "signers immediately become, at the option of the college, liable for attorney fees and/or actual or reasonable collection costs which may be added to the total amount due."  Considering that

12

attorneys fees were not added to the "total amount due" there was clearly neither a "false representation of . . . the character, amount or legal status of" the debt under 15 U.S.C. § 1692e(2)(A) nor a "false representation of . . . compensation which may be lawfully received by any debt collector for the collection of a debt" under § 1692e(2)(B).[4]

Although Plaintiff's counsel was also counsel in *Gionis*, Plaintiff does not address that case but instead declares, without citation of any authority, that "claiming attorney fees when none can be collected seems a clear violation of" 15 U.S.C. § 1692e(2)(A) and that "representing that such fees are available when they are not would be a 'false representation' prohibited by" 15 U.S.C. § 1692e(2)(B).  Both arguments are without merit.  It is clear from the public record of the Berea action that Defendants did not claim attorneys' fees on behalf of their client or represent that such fees were available.[5]

The Court also holds that Plaintiff has failed to state a claim under 15 U.S.C. § 1692f(1).  Plaintiff's Complaint alleges that Defendants "attempted to collect an amount in excess of what Plaintiff lawfully owed in violation of 15 U.S.C. § 1692f(1)" and her opposition brief states without citation of authority that "claiming the right to collect [an illegal] attorney fee would

---

[4]  This case and *Gionis* are therefore distinguishable from *Foster v. D.B.S. Collection Agency*, where the prayer for relief sought attorneys' fees.  No. 01-cv-514, 2006 U.S. Dist. LEXIS 87879, * 44 (S.D. Ohio Dec. 5, 2006).

[5]  Plaintiff does state in the "INTRODUCTION" section of her Amended Complaint that "Defendants attempted to collect attorney fees in a collection suit in Ohio . . . ."  This is just the sort of "unwarranted legal conclusion or factual inference" that the Court need not accept when considering a motion for judgment on the pleadings.  It is clear from the Complaint and public record that the only reference to attorneys' fees was in the Agreement attached to the Berea Complaint and a reply brief.

13

appear to violate" 15 U.S.C. § 1692f(1).  However, the undisputed public record of the Berea proceedings demonstrates that Defendants did not attempt to collect attorneys' fees.  Plaintiff's unwarranted legal conclusion or factual inference is without support.  As in *Gionis*, "the alleged wrongdoing stems solely from the fact that Defendants attached [a document] to the complaint." *Gionis*, 405 F. Supp. 2d at 866.  The mere attachment of a document "concerning . . . possible entitlement to attorney fees . . . does not constitute an attempt by Defendant to collect any fees." *Id*.  Plaintiff has therefore failed to state a claim under 15 U.S.C. § 1692f(1).

To summarize the FDCPA issues decided thus far, Plaintiff's Amended Complaint fails to allege a false representation that attorneys' fees were owed, a false representation that attorneys' fees were legal, or an attempt to collect attorneys fees.  The question remains whether Plaintiff has stated a claim of "a threat to take any action that cannot legally be taken or that is not intended to be taken" under 15 U.S.C. §1692e(5) or "[t]he use of any . . . deceptive means to collect or attempt to collect any debt" under 15 U.S.C. §1692e(10).

"A claim under § 1692e(5) has two elements: (1) a threat to take legal action; and (2) the inability to take that action lawfully."  *Wright v. Asset Acceptance Corp.*, No. C-3-97-375, 1999 U.S. Dist. LEXIS 20675, *5 n.7 (S.D. Ohio Jan. 3, 2000).  In assessing the first element, courts have consistently required some language that would lead a consumer to believe the legal right would be exercised before finding a "threat" under 15 U.S.C. § 1692e(5).  *See Dupuy v. Weltman, Weinberg & Reis Co.*, 442 F. Supp. 2d 822, 826 (N.D. Cal. 2006) (finding that a letter on law firm letterhead does not imply a threat of litigation); *Cohen v. Beachside To-I Homeowners' Assoc.*, No. 05-706, 2006 U.S. Dist. LEXIS 44978, *34 (D. Minn. June 29, 2006) (explaining that "informational" notices are not threats under 15 U.S.C. §1962e(5)); *Lewis v.*

14

*Marlin*, No. C-2-97-1281, 1999 U.S. Dist. LEXIS 22135, *14-15 (S.D. Ohio March 11, 1999)

(discussing language such as "further action," "forced to proceed," and "compelled to proceed");

*Lamb v. M&M Assocs., Inc.*, No. C-3-96-463, 1998 U.S. Dist. LEXIS 13773, * 38 (S.D. Ohio

Sept. 1, 1998) (discussing a collection letter that "emphasized the possibility of litigation");

*Breazeale v. Muller, Muller Richmond, Harms, Meyers & Sgroi, P.C.*, No. 1:97-cv-916, 1998

U.S. Dist. LEXIS 9254, *16 (W.D. Mich. May 18, 1998) (finding that a letter captioned "vs." did

not constitute a threat).  Merely attaching an agreement which includes an attorneys' fee

provision to a complaint and a brief does not constitute a threat to exercise that provision.

Any possibility of an actual threat is negated when the underlying document is attached

to a complaint with a specific prayer for relief that clearly does not seek attorneys' fees.  As was

already noted, the least sophisticated consumer test "presumes that a consumer possesses 'a

rudimentary amount of information about the world and is willing to read a collection notice

with some care.'"  *Gionis*, 405 F. Supp. At 864 (quoting *Clomon,* 988 F.2d at 1319).  The prayer

for relief of a complaint serves a clear purpose, and even the most unsophisticated reader would

understand it as the definitive recitation of the relief actually sought by the plaintiff.  Where the

prayer for relief seeks specific relief without asking for attorneys' fees, the undeniable

conclusion is that attorneys' fees are not at issue.

Applying these conclusions to this action, it is clear that Defendants did not threaten to

seek attorneys' fees.  The only reference to attorneys' fees was in the Agreement attached to the

Complaint and reply brief.  The prayer for relief from the Berea Complaint at issue in this case

certainly did not include attorneys' fees:

> WHEREFORE, Plaintiff demands the judgment be rendered against the
> Defendant in the sum of $8,146.53, with interest at the rate of 16% per annum

15

from 95.00 and costs.

The Court simply does not perceive how any consumer that reads this or a similar prayer for relief, in conjunction with the accounting ledger detailing the $8,146.53 debt,[6] could conclude from a single paragraph of an attached Agreement that the Defendants were seeking attorneys' fees.  With respect to the reply brief, there was no indication whatsoever that attorneys' fees were at issue.  Rather, the purpose of attaching the Agreement was to point out the character of the loan.

In any event, other circumstances push this case well beyond outer boundary for FDCPA liability discussed in the *Gionis* decision.  405 F. Supp. 2d at 866-69.  The *Gionis* law firm attached an affidavit to the complaint.  This affidavit arguably highlighted the fact that the underlying agreement included an attorneys' fee provision.  *Id*. at 867.  The least sophisticated consumer might afford an affidavit undue weight because it looks like a court pleading and calls

---

[6]      This case thus differs from cases where the recited amount of the debt included attorneys' fees or it was unclear as to whether attorneys' fees were included.  *See Fields v. Wilber Law Firm*, 383 F.3d 562, 565 (7th Cir. 2004) (discussing a demand that included attorneys' fees in the demand amount); *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003) (noting that the notice of claim explicitly stated that "Defendant *is indebted to the Plaintiff* . . . for a bad check in the sum of $ 350.00, plus reasonably [sic] attorney fees as permitted by law"); *Duffy v. Landberg*, 215 F.3d 871, 875 (8th Cir. 2000) (discussing a letter that "clearly states that New Concepts would seek attorney fees"); *McDowall v. Leschack & Grodensky, PC*, 279 F. Supp. 2d 197, 200 (S.D.N.Y. 2003) (discussing a debt collection statement in a letter that the balance on an account was "$2,942.27 plus interest and attorney's fees"); *VenWestrienen v. Americontinental Collection Corp.*, 94 F. Supp. 2d 1087, 1106 (D. Ore. 2000) (explaining that a threat to collect attorneys' fees was misleading where fees were only available in limited circumstances).

special attention to the attorneys' fees issue.[7]  In this case, Defendants merely attached the

underlying Agreement because it is the contract that is the basis for the debt and because it

demonstrated that the underlying transaction was a student loan.  A consumer reading the Berea

Complaint or the reply brief would have no reason to focus on or perceive a threat from an

attorneys' fee provision buried in a lengthy contract.[8]  Moreover, if a consumer did happen to

discover the provision at issue here, she would read that recovery of attorneys' fees are "at the

option of the college" and "may be added to the total amount due."  In light of the prayer for

relief and accounting ledger, even the least sophisticated consumer would understand that the

college had not exercised the option and had not added attorneys' fees to the total amount due.

To conclude otherwise would assume an "improbable sequence of actions, inferences and

conclusions [that] exceeds the level of reasonableness imposed by the least sophisticated

consumer standard and constitutes the sort of idiosyncratic interpretation the standard is

designed to guard against."  *Morse v. Dun & Bradstreet, Inc.,* 87 F. Supp. 2d 901, 903-04 (D.

Minn. 2000).  Accordingly, the Court concludes that Plaintiffs have failed to state a claim that

Defendants threatened Plaintiff or that Defendants did anything deceptive under 15 U.S.C. §§

---

[7]      The underlying contract in the *Gionis* case included the attorneys'
fee provision recited in the affidavit.  Nonetheless, the *Gionis*
Court indicated that it would not be problematic to bring a suit on
that contract so long as the law firm attached a modified version of
the affidavit, "deleting all references to attorney fees to eliminate
all possibility of confusion."  405 F. Supp. 2d at 867.  Accordingly,
even the *Gionis* Court acknowledged that a contract standing alone
cannot create confusion as to whether attorneys' fees are being
pursued.

[8]      Indeed, under Plaintiff's reasoning the attachment of a contract to a
complaint or collection letter equates to a present threat to exercise
each and every provision of the contract.

17

1692e(5) and (10).

The Court notes again the purpose of the FDCPA "to eliminate abusive debt collection practices by debt collectors [and] *to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged . . . .*" 15 U.S.C. § 1692(e) (emphasis added).  The Berea Complaint could not be any more straightforward.  Defendants took great care to "refrain from using abusive debt collection practice . . . ."  Neither Plaintiff nor the hypothetical least sophisticated consumer could have believed that Defendants were doing anything other than attempting to recover on a debt along with interest and costs.  The bizarre or idiosyncratic interpretation proffered by Plaintiff does nothing to forward the legitimate goals of consumer protection or the FDCPA.  *See, e.g., Morse*, 87 F. Supp. 2d at 904 (granting a motion on the pleadings and noting that "Defendant has clearly attempted to comply with the requirements of various state and federal debt collection laws").

Accordingly, the Court finds that Defendants are entitled to judgment on the pleadings as to Plaintiff's FDCPA claim.[9]

Immunity for FDCPA claims

Defendants have made various litigation immunity arguments based on the common law litigation privilege, international law and the First Amendment.  The Supreme Court has recognized a traditional common-law immunity for witnesses, judges and attorneys with respect

---

[9]        However, the Court rejects Defendants' argument that the Ohio limitation on attorneys' fees somehow violates the United States or Ohio Constitution's prohibition on laws that impair the obligation of contracts.  Defendants make no attempt to develop this argument but instead boldly state that any law that limits a contract between a debtor and creditor violates these Constitutional constraints.

18

to their conduct in judicial proceedings.  *Briscoe v. LaHue*, 460 U.S. 324, 334-35 (1983).

However, this immunity may be withdrawn by Congress.  *Id.* at 337, 339.

In *Heintz v. Jenkins*, the Supreme Court considered whether the FDCPA "applies to a

lawyer who 'regularly,' *through litigation*, tries to collect consumer debts."  514 U.S. 291, 292

(1995) (emphasis in original).  Although the Court did not address common law or any other

form of immunity, it dwelled at length on whether Congress intended to apply the FDCPA to

lawyers' litigation activities.  A 1977 version of the statute exempted from its reach "any

attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client."  *Id*. at

294.  However, in 1986 Congress repealed this exemption in its entirety "without creating a

narrower, litigation-related, exemption to fill the void."  *Id*. at 294-95.

A unanimous Supreme Court ultimately concluded that as amended "the Act applies to

attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity

consists of litigation."  *Id.* at 299.  The Court noted that "alternative language designed to keep

litigation activities outside the Act's scope" was proposed but not enacted.  *Id.* at 298.  It rejected

any attempts to draw a line between "legal" activities and "debt collection" activities.  *Id.* at 297.

The Court agrees with Plaintiff and other courts to address the issue that any litigation

immunity doctrine is trumped by the Court's holding in *Heintz*.  *See, e.g., Gionis,* 405 F. Supp.

2d at 864; *Blevins v. Hudson & Keyse, Inc.*, 395 F. Supp. 2d 655 (S.D. Ohio 2004).  First, the

point of the *Heintz* decision was to apply the FDCPA to lawyers' conduct during litigation—the

same type of conduct covered by litigation immunity.[10]  It is unlikely that the Supreme Court did

_____

[10]     One district court limited *Heintz* to its facts—i.e.,  a letter sent to a
debtor's attorney in the settlement process of litigation.  *Etapa v.
Asset Acceptance Corp.*, 373 F. Supp. 2d 687, 691 (E.D. Ky.

so while maintaining common law immunity.  Second, the Court's finding of Congressional

intent is the same finding that would result in abrogation of litigation immunity.  *See Briscoe*,

460 U.S. at 337, 339.  As one court recently noted:

> Congress legislates against a background of common-law adjudicatory principles.
> Where a common law principle is well established, ". . . the courts may take it as
> given that Congress has legislated with an expectation that the principle will
> apply except when a statutory purpose to the contrary is evident."

*Blevins*, 395 F. Supp. 2d at 659 (quoting *Astoria Fed. Savings & Loan Ass'n v. Solimno*, 501

U.S. 104, 108 (1991)).

The Court will also briefly address Defendants' other immunity arguments.  Defendants

claim that international law requires litigation immunity.  The Court declines to apply

international law that is contrary to United States Supreme Court precedent.  Defendants also

argue that *Noerr-Pennington* antitrust immunity protects their right to file pleadings in civil

actions.  However, this is not an antitrust case.  Courts not infrequently penalize litigants and

attorneys for their actions in civil proceedings, either as part of those proceedings or in spinoff

litigation.  Absent reasoned argument or relevant authority from Defendants, the Court declines

to announce a far-reaching rule that all litigation conduct is protected by this doctrine.

Accordingly, the Court rejects Defendants' claims of immunity.

Injunctive Relief

Defendants have cited authority for the proposition that injunctive relief is not available

under the FDCPA.  Plaintiff failed to respond to this argument.  The Court therefore concludes

---

2004).  This Court disagrees with the *Etapa* decision.  The
Supreme Court in *Heintz* applied the FDCPA broadly to litigation
activities.  Sending a settlement letter was merely one form of
litigation activity that was governed by the FDCPA.

20

that Plaintiff is not entitled to injunctive relief.  *See, e.g., Mann v. Acclaim Fin. Servs.*, 232

F.R.D. 278, 285 (S.D. Ohio 2003) (noting that "as a general matter, injunctive relief is not

authorized in FDCPA cases").  In any event, the Court has already concluded that Plaintiff is not

entitled to any relief on her FDCPA claim.

     OCSPA Claim

     In count two, plaintiff asserts a state law claim for violation of the OCSPA.  Having

disposed of the federal claims in this lawsuit, the Court declines to exercise supplemental

jurisdiction over this claim pursuant to 28 U.S.C. § 1367(c)(3).[11]  *Valot v. Southeast Local*

*School Dist. Bd. of Educ.*, 107 F.3d 1220, 1230 (6th Cir. 1997).  The claim involves unresolved

issues of state law immunity and the Court finds that the state court is the proper forum to

address this claim.  Accordingly, count two is dismissed without prejudice.

     **<u>CONCLUSION</u>**

     Accordingly, the Court GRANTS Defendants motion for judgment on the pleadings as to

Count I under the FDCPA.  Count 2 for violations of the OCSPA is dismissed without prejudice.

     IT IS SO ORDERED.

     /s/ Patricia A. Gaughan

     PATRICIA A. GAUGHAN
     United States District Judge

Dated:  1/24/07

---

[11]    The Complaint alleges only that "Jurisdiction over the Ohio claims
    is based upon 28 U.S.C. § 1367."